UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4660

BENJAMIN LEE TAYLOR, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-20-PJM)

Submitted: March 28, 2000

Decided: April 24, 2000

Before WIDENER, MURNAGHAN, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth M. Farber, Chief Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Rod J. Rosenstein, Assis-
tant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Benjamin Lee Taylor, III, appeals his conviction and sentence for manufacturing counterfeit United States currency in violation of 18 U.S.C. § 471 (1994). Finding no reversible error, we affirm.

On appeal, Taylor asserts that the district court abused its discretion in permitting the Government to cross-examine him regarding a specific instance of conduct relevant to Taylor's credibility. Evidentiary rulings are reviewed by this court for abuse of discretion and are subject to harmless error review. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

We find that the district court did not abuse its discretion in permitting cross-examination of Taylor about a prior specific instance of conduct. Under Fed. R. Evid. 608(b), a specific instance of conduct that is probative of Taylor's character for truthfulness or untruthfulness may be inquired into on cross-examination in the discretion of the trial court. The court must balance the evidence's probative value against the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The appraisal of the probative and prejudicial value of evidence is entrusted to the sound discretion of the trial court and its appraisal, absent extraordinary circumstances, will not be disturbed. See United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990). We have reviewed the record and are satisfied that the district court made a proper appraisal of the probative and prejudicial value of this evidence.

Accordingly, we affirm Taylor's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED